# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR RODRIGUEZ, | CIVIL ACTION |
| Petitioner | |
| v. | NO. 10-7556 |
| MR. R.M. LAWLER, et al., | |
| Respondents | |

## ORDER

AND NOW, this       day of                   , 2011, upon consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin dated February 28, 2011, IT IS HEREBY ORDERED that:

1. the R&R is APPROVED and ADOPTED and the Petition will be held in abeyance pending exhaustion of state remedies;

2. this case shall be placed on the civil suspense docket and Petitioner shall exhaust all claims in state court;

3. within thirty days of the conclusion of the state court proceedings, including any appellate proceedings related thereto, Petitioner shall notify the Court that those proceedings are concluded and the case is ready to proceed in this Court.

BY THE COURT:

_____
PAUL S. DIAMOND, U.S.D.J.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| HECTOR RODRIGUEZ, | CIVIL ACTION |
| Petitioner | |
| v. | NO. 10-7556 |
| MR. R.M. LAWLER, et al., | |
| Respondents | |

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is the *pro se* Petition for Writ of Habeas Corpus filed by Hector Rodriguez ("Petitioner"). Petitioner is currently incarcerated in the State Correctional Institution in Huntington, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be held in abeyance pending exhaustion of Petitioner's state court remedies.

**I.     FACTS AND PROCEDURAL HISTORY.**[1]

By Criminal Information docketed to No. 2153 of 2005, Petitioner was charged with the following:

> Count 1 - Possession with Intent to
> Deliver Cocaine, a violation of 35 P.S.
> § 780-113(a)(30)(F);

---

[1] This information is taken from the Petition for Writ of Habeas Corpus and the Motion for Post-Conviction Collateral Relief filed on behalf of Petitioner in the Court of Common Pleas of Lancaster County on November 24, 2010.

>       Count 2 - Criminal Conspiracy to
>       Deliver Cocaine, a violation of 18 Pa.
>       C.S.A. § 903(a)(1)(F);
>
>       Count 3 - Possession with Intent to
>       Deliver Heroin, a violation of 35 P.S.
>       § 780-113(a)(30)(F);
>
>       Count 4 - Criminal Conspiracy to Deliver
>       Heroin, a violation of 18 Pa. C.S.A.
>       § 903(a)(1)(F);
>
>       Count 5 - Possession with Intent to
>       Deliver Methamphetamine, a violation of
>       35 P.S. § 780-113(a)(30)(F);
>
>       Count 6 - Criminal Conspiracy to Deliver
>       Methamphetamine, a violation of 18 Pa.
>       C.S.A. § 903(a)(1)(F); and
>
>       Count 7 - Possession of Drug
>    Paraphernalia, a violation of 35 P.S.
>       § 780-113(a)(32)(M).

On July 17, 2006, Petitioner was found guilty on all counts following a bench trial before the Honorable James P. Cullen. Following the conviction, Judge Cullen ordered the Lancaster County Office of Adult Probation and Parole to prepare a presentence investigation.

On September 27, 2006, a sentencing hearing was held before Judge Cullen. On count 1, the Court imposed a sentence of 5 to 15 years incarceration to be served consecutively to all other counts. On count 2, the Court imposed a 2 to 4 year sentence of incarceration concurrent with counts 3 and 5. On counts 3 and 5, the Court imposed a sentence of 7 to 15 years incarceration, to be served concurrently to each other. On count

7, the Court imposed a sentence of one year of probation plus costs, with the sentence to be served concurrent with counts 3 and 5. No sentence was imposed on counts 4 and 6. Accordingly, the aggregate sentence to be served was not less than 12 nor more than 30 years incarceration.

Petitioner filed a direct appeal with the Superior Court of Pennsylvania on November 21, 2006.[2] The Superior Court affirmed the judgment of sentence on July 6, 2007. Commonwealth v. Rodriguez, 932 A.2d 262 (Pa. Super. 2007)(table). Petitioner's petition for allowance of appeal before the Pennsylvania Supreme Court was denied on December 13, 2007. Commonwealth v. Rodriguez, 938 A.2d 1052 (Pa. 2007)(table).

On January 23, 2008, Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). See 42 Pa. C.S.A. §§ 9541, et seq. Counsel (Christopher P. Lyden, Esquire) was appointed, but after reviewing the record, counsel determined that the issues raised in the petition were without merit. On February 19, 2008, Attorney Lyden filed a "no merit" letter and petition to withdraw as counsel pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).

Petitioner then filed a *pro se* amended PCRA petition, and was appointed new counsel (Richard Russell Pugh, Esquire).

---

[2] The issues on direct appeal were that the trial court erred in denying Petitioner's motion to suppress statements and sufficiency of the evidence.

Attorney Pugh filed an amended PCRA petition on September 4, 2008. A PCRA hearing was held before Judge Cullen on November 20, 2008. Following the hearing, on January 8, 2009, Attorney Pugh filed a "no merit" letter and petition to withdraw as counsel pursuant to Finley, 550 A.2d 213. On March 6, 2009, Judge Cullen denied Petitioner's amended PCRA petition.

Petitioner appealed the denial of his amended PCRA petition to the Superior Court on March 23, 2009. The Superior Court affirmed the PCRA court on or about January 20, 2010. It is unclear to this Court whether Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania.[3]

On July 27, 2010 and August 1, 2010, Petitioner sent letters to Judge Cullen requesting re-sentencing. More specifically, Petitioner contends that because a prior conviction, which was considered during the sentencing phase of this matter, was *nolle prosequi*, the prior conviction is no longer a conviction and should not be considered in the Petitioner's prior record score or mandatory sentences.

On August 26, 2010, having considered the Petitioner's correspondence requesting re-sentencing, Judge Cullen entered an Order treating Petitioner's correspondence as a claim for relief

---

[3] On January 25, 2011, the undersigned entered an Order directing that the Clerk of Courts of Lancaster County file the entire state court record with the Clerk this Court in an effort to assist with this Court's determination of the Petition for Writ of Habeas Corpus. However, because of Petitioner's pending PCRA petition, this Court was advised that the state court is not available at this time.

4

under the Post Conviction Relief Act and appointed Andrew S. Cooper, Esquire to represent Petitioner.  On November 24, 2010, Attorney Cooper filed a Motion for Post-Conviction Collateral Relief on behalf of Petitioner in the Court of Common Pleas of Lancaster County.[4]  This PCRA petition is currently pending.

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus on December 28, 2010.  On January 5, 2011, this case was referred by the Honorable Paul S. Diamond for preparation of a Report and Recommendation.  The Petition before this Court seeks a determination of one issue, which is the same issue currently pending before the Pennsylvania state courts.  More specifically, Petitioner asserts that his sentence is illegal, excessive and/or wrongfully enhanced by virtue of the *nolle prosequi* of a felony drug conviction on January 7, 2010.

II.     **DISCUSSION**.

Petitioner's PCRA petition is currently under review by the state court, and Petitioner has not yet exhausted his state remedies.  An exception to the exhaustion requirement is made "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render

---

[4] In the PCRA petition, Petitioner requests that the PCRA court (1) direct the Commonwealth to provide counsel with a copy of his complete criminal record history, (2) order an evidentiary hearing, and (3) direct that the judgment of sentence be reversed and that he be re-sentenced using sentencing guidelines which properly reflect his prior score record and which does not include consideration of the felony drug conviction that was *nolle prosequi* on January 7, 2010.

5

futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(citations omitted); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has held that "our case law forecloses a District Court from excusing exhaustion 'unless state law *clearly forecloses* state court review of claims which have not previously been presented to a state court.'" Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001)(quoting Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000)(emphasis in original)). There is no evidence that the state court has been or will be ineffective in reviewing Petitioner's claim.

Under certain circumstances, the United States Supreme Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." Rhines v. Weber, 544 U.S. 269, 277-278 (2005). The Court specifically stated that the court should stay, rather than dismiss, a petition when a petitioner exhibits "reasonable confusion about whether a state filing would be timely" and thereby shows "good cause" for filing in federal court. Id. at 125 S.Ct. 1813-1814. The United States Court of Appeals for the Third Circuit has provided that thirty days is a reasonable length of time to permit the filing of the post-conviction petition, and that petitioner should be given another thirty-day reasonable interval after the denial of that

relief to return to federal court. Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). In the event that a petitioner fails to meet either time limit, however, the stay should be vacated *nunc pro tunc*. Id. at 154.[5]

As indicated above, Petitioner currently has a PCRA petition pending before the state courts. Approximately one month after this PCRA petition was filed, Petitioner filed the instant habeas Petition. The instant habeas Petition asserts only one claim, which is identical to the claim asserted in his pending PCRA petition. It is apparent that Petitioner may have been confused about the court in which he was required to seek relief. This confusion evidences sufficient good cause to hold the instant Petition in abeyance while Petitioner exhausts his claim in state court. Moreover, it is unclear whether Petitioner's claim is meritless. Thus, it is respectfully recommended that the instant Petition should be stayed in order that Petitioner may exhaust his state court remedies regarding this claim.

Therefore, I make the following:

---

[5] Although Crews was decided prior to the Supreme Court's decision in Rhines, which approved but limited the availability of the stay and abeyance procedure, Crews is consistent with Rhines in determining that such a stay should be conditioned on the petitioner returning to federal court within a reasonable time after exhaustion. Bowen v. Palakovich, No.CIV.A. 06-3378, 2007 WL 1056821, at *1 n.2 (E.D. Pa. Apr. 4, 2007)(quotations and citations omitted).

**RECOMMENDATION**

AND NOW, this 28th day of February, 2011, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus should be held in abeyance pending Petitioner's exhaustion of his claims in the Pennsylvania state courts.

Within thirty days of the conclusion of the state court proceedings, including any appellate proceedings related thereto, Petitioner should be ordered to notify the Court that those proceedings are concluded and the case is ready to proceed in this Court.

The Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Henry S. Perkin
HENRY S. PERKIN
United States Magistrate Judge