IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HECTOR RODRIGUEZ,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 10-7556 |
| : | |
| **R.M. LAWLER, et al.** : | |
| Respondents. : | |

# O R D E R

On December 28, 2010, state prisoner Hector Rodriguez, proceeding *pro se*, sought habeas relief. (Id.) I referred the matter to Magistrate Judge Perkin, who recommended placing the case in abeyance pending exhaustion of PCRA proceedings. (Doc. No. 7.) I adopted this recommendation and did so. (Doc. No. 16.) Petitioner submitted an Amended Petition on March 1, 2011, challenging his conviction on several grounds, including ineffective assistance of counsel, violation of the right to a speedy trial, and lack of trial court jurisdiction. (Doc. No. 1.) He also challenged his sentence as illegal. (Doc. Nos. 9, 11.) I again referred the matter to Judge Perkin, who has recommended denying relief because Petitioner's claims are non-exhausted, procedurally defaulted, time-barred, or otherwise non-cognizable. (Doc. No. 31.)

No objections to the Report and Recommendation have been raised. (Doc. No. 39.) Instead, in response to my February 25, 2016 Order extending Petitioner's time to file objections, Petitioner filed a Notice of Appeal, which has since been dismissed. Fed. R. App. P. 42(b); (Doc. Nos. 36, 37; Appeal No. 16-1483).

I thus must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). Having reviewed the Report, I see no

clear errors and will adopt the Recommendation.

Petitioner's ineffectiveness claim is based on trial counsel's failure to subject the "Commonwealth's unreliable case to a meaningful, adversarial testing." (Doc. No. 9 at 9.) Although Defendant previously litigated two claims of ineffectiveness at PCRA, he did not previously raise the instant claim before the state courts. (See Tr. Nov. 20, 2008 PCRA Hearing at 3-4.) As Judge Perkin concluded, this claim is thus unexhausted. See Duncan v. Henry, 513 U.S. 364, 365 (1995) ("To satisfy the exhaustion requirement, a petitioner must 'fairly present' his claims to the state courts allowing the state courts a meaningful opportunity to correct alleged constitutional violations.").

Moreover, Petitioner's ineffectiveness claim is procedurally defaulted because a newly-filed PCRA Petition is time-barred; any state remedies are thus no longer available to Petitioner. See 42 Pa. C.S. § 9545 (one-year PCRA jurisdictional time-bar); see O'Sullivan v. Boerckel, 526 U.S. 838, 848, (1999) (unexhausted claims become procedurally defaulted).

Finally, Petitioner has offered no viable reason to excuse this default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). For instance, although he alleges actual innocence, he has offered no recently-discovered exculpatory evidence. See Schlup v. Delo, 513 U.S. 298, 299 (1995) ("[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare and must be supported by new reliable evidence that was not presented at trial."). Nor has he alleged any facts suggesting that PCRA Counsel was ineffective for failing to raise trial counsel's purported ineffectiveness. See generally Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). Petitioner has thus not excused his default. Accordingly, Petitioner's ineffectiveness

claim is procedurally barred.

For these same reasons, I also agree with Judge Perkin that Petitioner may not proceed on his speedy trial claim because it is unexhausted and procedurally defaulted.

I also agree with Judge Perkin that Petitioner's sentence was not illegal because it was unlawfully enhanced based on a sentence that was ultimately *nol prossed*. As Judge Perkin concluded, this claim is unexhausted because Petitioner failed to appeal the PCRA Court's denial of his Petition containing this claim. See Gattis v. Snyder, 278 F.3d 222, 231 (3d Cir. 2002). Additionally, it is procedurally defaulted because Petitioner did not raise it in his first PCRA Petition but did so only after it was time-barred. See 42 Pa. C.S. § 9545. As I have discussed, Petitioner has shown no reason to excuse this default. He is thus not entitled to relief on this ground.

I also agree with Judge Perkin's conclusion that Petitioner may not obtain relief based on the trial court's lack of jurisdiction. Because this vague and unfounded claim is based on a purported error of state law, it is not cognizable on federal habeas review. See 28 U.S.C. § 2254; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Finally, to the extent that Petitioner has attempted to raise new illegal arrest, suppression, and ineffectiveness claims in response to the Commonwealth's Answer, those claims are unexhausted and procedurally defaulted. (Doc. Nos. 26, 30.) Petitioner has once again not offered a reason to excuse this default. Furthermore, I agree with Judge Perkin that in addition to being defaulted, Petitioner's suppression claim lacks merit. (Doc. No. 31 at 16.) Accordingly, Petitioner is not entitled to relief on any of the belatedly raised claims.

In sum, Petitioner is not entitled to relief on any of his claims. I will thus adopt Judge

Perkin's Report and Recommendation and deny the Amended Petition.

\*       \*       \*

**AND NOW**, this 19th day of April, 2016, upon consideration of the Petition (Doc. No. 1), the Amended Petition and Supporting Memorandum (Doc. Nos. 9, 11), all related submissions, and Judge Perkin's Report and Recommendation (Doc. No. 31) it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus and the Amended Petition (Doc. Nos. 1, 9, 11) are **DENIED**;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 31) is **APPROVED AND ADOPTED**; and

3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.