IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR RODRIGUEZ,                : | |
|                     Petitioner,    : | |
|                           : | |
|     v.                                : | Civ. No. 10-7556 |
|                           : | |
| R.M. LAWLER, et al.          : | |
|                     Respondents.  : | |

**O R D E R**

On March 1, 2011, Hector Rodriguez, proceeding *pro se*, submitted an Amended Habeas Petition, challenging his state conviction on several grounds, including ineffective assistance of counsel, denial of a speedy trial, lack of trial court jurisdiction, and imposition of an illegal sentence. (Doc. Nos. 9, 11); 28 U.S.C. § 2254. I referred the matter to Magistrate Judge Perkin, who has recommended denying relief because Petitioner's claims are non-exhausted, procedurally defaulted, time-barred, or otherwise non-cognizable. (Doc. No. 31.)

On April 20, 2016, after I had adopted the Report and Recommendation to which no timely objections were filed, Petitioner asked me to grant him an extension of time in which to file objections. (Doc. Nos. 40, 41.) I thus vacated my April 19 Order and granted Petitioner leave to file belated objections, which he did on May 11, 2016. (Doc. Nos. 42, 46.) Having reviewed the objections, I will again deny the Amended Petition and adopt Judge Perkin's Report and Recommendation.

**I.**    **Background**

On July 17, 2006, following a bench trial, Lancaster County Common Pleas Judge James P. Cullen found Petitioner guilty of possession with intent to deliver cocaine (Count One), conspiracy to deliver cocaine (Count Two), possession with intent to deliver heroin (Count Three), conspiracy to deliver heroin (Count Four), possession with intent to deliver

methamphetamine (Count Five), conspiracy to deliver methamphetamine (Count Six), and possession of drug paraphernalia (Count Seven). On September 27, 2006, Judge Cullen sentenced Petitioner to an aggregate term of 12 to 30 years incarceration. Angelo Cameron represented Petitioner during the trial and sentencing.

The Pennsylvania Superior Court rejected Petitioner's direct appeal, and the Supreme Court denied *allocatur* in December 2007. Commonwealth v. Rodriguez, 932 A.2d 262 (Pa. Super. Ct. 2007) (table); Commonwealth v. Rodriguez, 938 A.2d 1052 (Pa. 2007) (table).

After he filed several *pro se* PCRA Petitions, the Court appointed lawyer Richard Russell Pugh, who filed an Amended Petition in September 2008. 42 Pa. C.S.A. § 9541; (R. Ex 50). In November 2008, Judge Cullen held a hearing at which he heard testimony from trial counsel (Mr. Cameron) and appellate counsel (Vincent Quinn) on the following claims: 1) that Mr. Cameron ineffectively failed to object to Petitioner's purportedly illegal arrest; 2) that Mr. Cameron failed to move to suppress a statement and physical evidence resulting from that arrest; and 3) that Mr. Quinn ineffectively failed to raise those same issues on appeal. (Tr., Nov. 20, 2008 PCRA Hearing at 3-4.) In March 2009, Judge Cullen denied the Petition. (March 6, 2009 Order, R. Ex. 54.) The Superior Court affirmed in January 2010. (R. Ex. 60.) In July and August 2010, Petitioner requested re-sentencing, which Judge Cullen construed as a request for PCRA relief. (R. Ex. 63.) Appointed counsel filed an Amended PCRA Petition in November 2010, and Judge Cullen held a hearing in April 2011, during which Petitioner testified. (R. Ex. 65.)

In December 2010, Petitioner filed a *pro se* habeas Petition in this Court. (Doc. No. 1.) I referred the matter to Magistrate Judge Perkin, who recommended placing the case in abeyance

pending exhaustion of the still-pending PCRA proceedings. (Doc. No. 7.) I adopted this Recommendation and stayed the matter. (Doc. No. 16.)

On March 1, 2011, Petitioner submitted an Amended Petition, arguing that he is entitled to § 2254 relief because: A) his sentence was illegally enhanced; B) his "original counsel" ineffectively failed "to subject the Commonwealth's unreliable case to a meaningful adversarial testing"; C) his speedy trial rights were violated; and D) the trial court lacked jurisdiction. (Doc. Nos. 9, 11.) Petitioner conceded, however, that he had not previously raised Grounds C and D in any other Court. (Doc. No. 9 at 10.)

In December 2011, the PCRA Court dismissed the PCRA Petition. Commonwealth v. Rodriguez, No. 2153-2005, Lancaster County Court of Common Pleas. Petitioner did not appeal.

In May 2013, I again referred the Petition to Judge Perkin for a Report and Recommendation. In June 2013, the Commonwealth answered, and Petitioner replied, belatedly arguing that he was entitled to relief based on: "1) illegal arrest (warrantless arrest); 2) suppression of Petitioner's statement; 3) suppression of evidence/consp. [sic]; [and] 4) ineffective assistance of counsel, as well as prior counsel for failure to raise or argue the above said issues." (Doc. No. 24; Doc. No. 26 at 2.) The matter has now been fully briefed. (Doc. Nos. 27, 30.)

## II. Legal Standards

I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); E.D. Pa. Local Rule Civ. P. 72.1 (IV)(b) (written objections to a Report and Recommendation must specifically identify the portions of the Report to which objection is made). As to those

portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee note.

I may grant habeas relief only if the state court's merits decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 18 U.S.C. § 2254(d)(1)-(2). The "clearly established Federal law" governing Petitioner's ineffectiveness claims is set out in Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, I must decide whether the state court's application of Strickland was "objectively unreasonable." Bell v. Cone, 535 U.S. 685, 698-99 (2002); Commonwealth v. Sneed, 899 A.2d 1075-76 (Pa. 2006) ("'It is settled that the test for counsel ineffectiveness is the same under both the Pennsylvania and Federal Constitutions.'"). Petitioner must show that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011); Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (a state-court decision must "be given the benefit of the doubt").

To make out ineffectiveness, Petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 688. Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). If I conclude that counsel's strategy was not unreasonable, I need not address prejudice. United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### III. Discussion

Petitioner raises several generalized objections to Judge Perkin's Report and repeats many of the arguments he made in his Amended Petition. (Doc. No. 46); see Nghiem v. Kerestes, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr.3, 2009) (district court need not consider *de novo* objections that "merely re-articulate[] all the claims and theories for relief in the Petition"). I will nonetheless construe his submissions liberally and address the objections he apparently seeks to raise. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (district courts may not decline to afford *de novo* review merely because objections "rehash" arguments made to Magistrate Judge).

Petitioner first objects to Judge Perkin's conclusion that his instant ineffectiveness claim—i.e., that his "original counsel was ineffective for failure to subject the Commonwealth's case to a meaningful, adversarial testing"—was unexhausted and procedurally defaulted. (Doc. No. 46 at 1.) Petitioner is incorrect. Although Petitioner raised ineffectiveness claims at PCRA, the instant claim was not among them. (See Tr. Nov. 20, 2008 PCRA Hearing at 3-4.) As Judge Perkin concluded, it is thus unexhausted. See Duncan v. Henry, 513 U.S. 364, 365 (1995) ("To satisfy the exhaustion requirement, a petitioner must 'fairly present' his claims to the state courts allowing the state courts a meaningful opportunity to correct alleged constitutional violations."). Moreover, it is procedurally defaulted because any new PCRA Petition Rodriguez might file would be time-barred; any state remedies are thus no longer available. See 42 Pa. C.S. § 9545 (one-year PCRA jurisdictional time-bar); see O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (unexhausted claims become procedurally defaulted).

Relying on Martinez v. Ryan, Petitioner nonetheless argues that his default should be excused because "all of his counsel" were ineffective "both on direct appeal and in his PCRA

collateral proceedings." (Doc. No. 46 at 2, 5); 132 S. Ct. 1309, 1316 (2012). Petitioner offers no evidence substantiating the underlying ineffectiveness claim, however. See Strickland, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); Lloyd v. Bickell, 2013 WL 1972198, at *19 (E.D. Pa. Feb. 19, 2013) ("While [petitioner] asserts that Martinez applies to PCRA counsel's failure, he has not even attempted to satisfy this burden with any threshold evidentiary support.") report and recommendation adopted, 2013 WL 1979490 (E.D. Pa. May 14, 2013). Nor has he offered any evidence of appellate counsel's purported ineffectiveness. To the contrary, Petitioner conclusorily alleges only that his "original counsels" made "numerous" unspecified "errors or deficiencies" causing him "significant prejudice." (Doc. No. 11 at 2.) Because Petitioner has provided no evidence of trial counsel's ineffectiveness, much less shown that the underlying ineffectiveness claim was "'a substantial one, which is to say, 'the claim has some merit,'" he may not rely on Martinez to excuse his default. See Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir. 2014), cert. denied sub nom. Glenn v. Walsh, 134 S. Ct. 2700 (2014).

Additionally, I must presume that Mr. Pugh (PCRA counsel) made a strategic choice in omitting the instant claim. Cf. Yarborough, 540 U.S. at 8 ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." (citing Strickland, 466 U.S. at 690)). As I have discussed, Mr. Pugh investigated and litigated several underlying ineffectiveness claims and ultimately abandoned others after that investigation. (Tr. Nov. 20, 2008 PCRA Hearing at 3-4 ("I'm litigating the issues of (6)(a) [that trial counsel ineffectively failed to object to Defendant's purportedly illegal arrest and to move to suppress evidence obtained from that arrest] and (6)(c)

[that appellate counsel ineffectively failed to raise such claims on appeal]. I will not be raising any issue regarding the non-testify by the petitioner.").) Plainly, Mr. Pugh's decision to omit certain claims and litigate the ineffectiveness claims he believed had potential merit was not because of "sheer neglect." Yarborough, 540 U.S. at 8. Accordingly, Petitioner has not excused his procedural default of this claim.

Petitioner next objects to Judge Perkin's conclusion that he procedurally defaulted his speedy trial claim. (Doc. No. 46 at 1.) Petitioner acknowledges that he did not exhaust this claim, but once again argues that his default should be excused under Martinez. (Doc. No. 9 at 10; Doc. No. 46 at 2.) I do not agree. Although Petitioner correctly identifies April 29, 2005 as his arrest date, he apparently ignores that he filed and was granted several Continuance Motions (in which he explicitly waived his speedy trial rights), thus delaying his trial through Spring 2006. (R. Exs. 11, 12, 15, 19, 21, 22, 23, 25); Pa. R. Crim. P. 600. Accordingly, Petitioner's speedy trial claim lacks merit, and it would have been pointless for counsel to have litigated this claim. Petitioner thus may not rely on Martinez to excuse this default. Glenn, 743 F.3d at 410.

I also agree with Judge Perkin that Petitioner has not offered "reliable" or recently discovered exculpatory evidence excusing his default, nor has he offered facts suggesting he is actually innocent. See Schlup v. Delo, 513 U.S. 298, 299 (1995) ("[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare and must be supported by new reliable evidence that was not presented at trial."). Nor does Petitioner's contention that he is an "illiterate, non-english speaking prisoner" excuse his failure to comply with the procedural requirements. (Doc. No. 46 at 8); cf. Almazan v. Commonwealth of Pa., 80 F. Supp. 3d 602, 609 n.1 (E.D. Pa. 2015) (collecting cases where language barrier did not warrant equitable tolling), certificate of appealability denied (Nov. 5, 2015). Accordingly, I will

overrule this objection.

Petitioner next objects to Judge Perkin's conclusion that his illegal sentence claim is procedurally defaulted and meritless. (Doc. No. 46 at 6.) As Judge Perkin found, this claim is unexhausted because Petitioner failed to present it to each level of the state court. See Gattis v. Snyder, 278 F.3d 222, 231 (3d Cir. 2002). Additionally, the claim is defaulted because Petitioner did not raise it in his original PCRA Petition but did so only in his untimely July 2010 correspondence to Judge Cullen—well beyond the one-year jurisdictional window. See 42 Pa. C.S. § 9545; (Doc. No. 31 at 12). Once again, Petitioner has shown no reason to excuse this default.

I also agree with Judge Perkin that, in any event, Petitioner's illegal sentence claim is meritless. (Id. at 13 n.7.) Petitioner contends that his sentence is illegal because it was based on a conviction that was ultimately *nol prossed* (Lancaster County Criminal Information No. 3004 of 2005). As Judges Cullen and Perkin both found, however, this conviction was not used to enhance Petitioner's sentence. (Id. at 11; see also Sept. 2011 Order, Doc. No. 25 at Ex. Z, 7, n.7 (rejecting this claim because Petitioner's "prior record score [was] accurate.").) Rather, Petitioner was subject to several mandatory minimums, and his sentence was enhanced based only on a prior federal felony drug conviction. 204 Pa. Code § 303.7(a); 18 Pa. C.S. § 7508. Accordingly, I will overrule Petitioner's objection.

Petitioner next objects to Judge Perkin's conclusion that his claim that the trial court lacked jurisdiction is not cognizable on federal habeas review. (Doc. No. 46 at 7.) In support, Petitioner argues that the trial court's purported lack of jurisdiction violates his due process rights. (Id.) I agree with Judge Perkin that this vague and unfounded claim is not cognizable because it is based on a purported error of state law. See 28 U.S.C. § 2254; Estelle v. McGuire,

8

502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). That Petitioner couches his argument in due process terms does not overcome this bar to review. See Lambert v. Blackwell, 387 F.3d 210, 259 (3d Cir. 2004) (labeling a claim as a "fundamental due process violation" does not create a federal constitutional claim); Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("Errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."); see also Laboy v. Carroll, 437 F. Supp. 2d 260, 263 (D. Del. 2006) (same).

Petitioner next objects to Judge Perkin's conclusion that Petitioner defaulted his belatedly raised claims—i.e., his illegal arrest and two suppression claims, as well as a claim that trial counsel ineffectively failed to raise those same claims. (Doc. No. 46 at 7.) As Judge Perkin found, these claims were improperly raised in response to the Commonwealth's Answer and not in the Amended Petition, thus rendering them untimely. (Doc. No. 27 at 2; Doc. No. 31 at 14). Regardless of whether these claims are procedurally deficient (as Judge Perkin deemed all but one), I will explain why none is meritorious.

Petitioner first argues that his statement to police should have been suppressed because he had difficulty understanding English when giving his statement. (Doc. No. 26 at 3-4); Miranda v. Arizona, 483 U.S. 436 (1966). The state courts explicitly rejected this contention, however. (See July 6, 2007 Op., R. Ex. 51 at 5-6; see also March 2009 Op., R. Ex. 54 at 9.) The Superior Court found that Petitioner was advised of his Miranda rights on three separate occasions, once in Spanish and twice in English, before giving his statement. (July 6, 2007 Op., R. Ex. 51 at 5.) Petitioner was also offered the services of a Spanish-speaking officer, which he declined, instead responding to the detectives in English. (Id.; see also Doc. No. 25, Ex. A at 42-43.) Additionally, Petitioner expressed his understanding when signing a Miranda waiver form.

9

(Doc. No. 25, Ex. A at 42-43.)  These facts amply supported the Superior Court's conclusion that "[Petitioner] understood English when conversing with Detective Macey, rendering his waiver of Miranda rights valid."  (July 6, 2007 Op., R. Ex. 51 at 5-6)  I will defer to these factual findings and legal conclusions because Petitioner has not shown that they were unreasonable.  See 28 U.S.C. § 2254(d)-(e); see also Nunez v. Lamaas, 2015 WL 787525, at *5 (E.D. Pa. Feb. 24, 2015) ("Generally, federal courts collaterally reviewing state proceedings must afford considerable deference to state courts' legal and factual determinations.").

Petitioner next argues that evidence seized during the April 2005 search of his apartment should have been suppressed as "fruit" of a purportedly illegal arrest.  (Doc. No. 26 at 2-3.)  Judge Cullen explicitly rejected this claim, however, concluding that a warrantless arrest was proper because the police had probable cause to arrest Petitioner for delivering cocaine and heroin to a Pennsylvania State Trooper.  (See Tr. Nov. 20, 2008 PCRA Hearing at 7-10); March 2009 Op., R. Ex 54 at 9 ("The sale of cocaine and heroin in violation of 35 P.S. § 780-113(a)(30) is a felony in the Commonwealth of Pennsylvania. Police may validly arrest an individual without a warrant for a felony offense based on probable cause. Since the arrest of Defendant was legal, there would be no valid ground to suppress the physical evidence and statements which were the fruit of the arrest. This claim lacks merit." (citations omitted)).)  Because Petitioner has offered no evidence or argument that undermines this conclusion, I will once again defer to the state courts.  See 28 U.S.C. § 2254(d)-(e); Nunez, 2015 WL 787525, at *5.

Finally, Petitioner objects to Judge Perkin's conclusion that he defaulted his ineffectiveness claim respecting trial counsel's failure to raise the aforementioned illegal arrest and suppression claims.  (Doc. No. 46 at 7.)  I do not agree with Judge Perkin that Petitioner failed to raise this claim to the state courts.  (Doc. No. 31 at 14 n.8); Evans v. Court of Common

Pleas, Del. Cty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992) (federal claim has been "fairly presented" to state court before filing of habeas corpus petition if claim brought in federal court is "substantial equivalent" of that presented to state court). Petitioner raised this claim at PCRA, and Judge Cullen explicitly addressed it. (March 2009 Op., R. Ex. 54, 7 ("These items, as well as the statements regarding his participation in the drug trade which Defendant made to Detective Macey, constitute the evidence which Defendant claims should have been suppressed based upon an alleged warrantless arrest. Defendant asserts that attorney was ineffective for failing to seek such relief.").) Regardless, however, this claim is meritless.

As I have discussed, having heard Mr. Cameron's testimony, Judge Cullen found that "trial counsel had a reasonable basis for not contesting the warrantless arrest and subsequent search incident to arrest for the reason that the arrest was based upon probable cause." (March 2009 Op., R. Ex. 54 at 8.) Judge Cullen further explained:

> At the hearing, trial counsel testified that he did not challenge the legality of Defendant's warrantless arrest because counsel believed that the police had probable cause to arrest Defendant for a felony offense . . . . Specifically, trial counsel testified that the Commonwealth had provided him with information through discovery that Defendant had made drug sales directly to Trooper Reed of the Pennsylvania State Police in February, 2005. When Trooper Reed identified Defendant outside the apartment, the police had probable cause to arrest Defendant without a warrant because the sale of cocaine and heroin to Trooper Reed is a felony. Trial counsel reasoned that since the police had probable cause to arrest Defendant based on the delivery of cocaine and heroin to Trooper Reed two months earlier, the warrantless arrest and the seizure of evidence from Defendant, including his subsequent statements were also legal.

(Id. at 7-8 (internal citations omitted).) I thus agree with Judge Cullen that trial counsel did not ineffectively fail to object to the arrest or file a meritless suppression motion. Once again, Petitioner has not shown that Judge Cullen's factual findings or conclusions were "objectively unreasonable." Bell, 535 U.S. at 698-99; Sneed, 899 A.2d at 1075-76. Accordingly, Petitioner is not entitled to relief on his ineffectiveness claim.

In sum, Petitioner is not entitled to relief on any of the belatedly raised claims, and I will overrule his objections in their entirety. Seeing no clear errors respecting Judge Perkin's Recommendation in all other respects, I will adopt the Report and deny habeas relief without an evidentiary hearing. Fed. R. Civ. P. 72(b), advisory committee note.

*   *   *

**AND NOW**, this 8th day of July, 2016, upon careful and independent consideration of the Petition (Doc. No. 1), the Amended Petition for a Writ of Habeas Corpus (Doc. No. 9), Petitioner's Memorandum of Law in Support (Doc. No. 11), the Commonwealth's Answer and Supplemental Answer (Doc. Nos. 24, 30), Petitioner's Supplemental Reply to the Commonwealth's Answer (Doc. No. 27), Petitioner's Objections (Doc. No. 29), the entirety of the state court record, and all related submissions, and after review of Judge Perkin's Report and Recommendation (Doc. No. 31), it is hereby **ORDERED** that:

1. The Amended Petition for a Writ of Habeas Corpus is **DENIED**. (Doc. No. 9).
2. Judge Perkin's Report and Recommendation is **APPROVED AND ADOPTED.** (Doc. No. 31)
3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.